IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES HOLLIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0400-MJR |
| | ) |
| VILLAGE OF CASEYVILLE, ILLINOIS, | ) |
| STEVE EPPS, | ) |
| LARRY A. FLINN, and | ) |
| VILLAGE OF CAHOKIA, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**REAGAN, District Judge:**

This case arises under **42 U.S.C. § 1983**. Plaintiff, Charles Hollis, was arrested on May 14, 2004 after leading police on a high-speed chase in his father's vehicle, which had been reported stolen. (See Doc. 23 Exh. A-C.) Plaintiff maintains that at all times he obeyed the officers who eventually arrested him, but he pleaded guilty in state court to aggravated fleeing and/or attempting to elude police officers. (Id.) Plaintiff sues the arresting officers and the two cities whose police departments employ them for excessive force in violation of § 1983 and the Fourth Amendment, unreasonable seizure in violation of the Fourth Amendment and cruel and unusual punishment under the Eight Amendment. *See* **U.S. Const. Amends. IV, VIII.**

Defendants Epps and his employer, the Village of Caseyville, moved for summary judgment pursuant to **Fed. R. Civ. P. 56(b)** on February 23, 2006, and filed a memorandum and

exhibits in support of their motion (Docs. 23, 24).[1] The motion alleges that the force employed in arresting Plaintiff was not excessive and that the Village is immune from suit.

Summary judgment is proper if the pleadings, depositions, interrogatory answers, admissions and affidavits reveal that there is no genuine issue as to any material fact *and* that the moving party is entitled to judgment as a matter of law. ***Vukadinovich v. Board of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 698-99 (7th Cir. 2002).**

The Seventh Circuit recently noted that an excessive force claim is not necessarily barred just because the Plaintiff was convicted of the substantive offense which gave rise to the arrest. ***See VanGuilder v. Baker*, 485 F.3d 689 (7th Cir. January 13, 2006).** In other words, compared with a normal arrest, when the arrestee is resisting some higher level of force is warranted; but resistance does not give arresting officers license to use *unlimited* force. Under the Fourth Amendment's "reasonableness standard," whether the force used was reasonable is a question of fact, "requir[ing] careful attention to the facts and circumstances of each particular case." ***See Graham v. O'Connor*, 490 U.S. 386, 395-96 (1989).** Thus summary judgment is inappropriate.

Plaintiff's claim for unreasonable seizure cannot stand. It is an understatement to say that it is not unreasonable to arrest a person with outstanding felony arrest warrants who fled police in a vehicle reported stolen. Regardless of whether the original arrest was justified, when a suspect resists officers he is committing a separate offense and it is obvious that he becomes eligible for arrest and detention. Thus summary judgment is appropriate.

Plaintiff's claim for cruel and unusual punishment also cannot stand. Amendment VIII applies only to the sentences imposed upon convicted and/or incarcerated persons. ***See Whitley***

---

[1] Plaintiff filed no response and the deadline has passed.

*v. Alberts*, 475 U.S. 312 (1986).  Thus summary judgment is appropriate.

Defendant Epps argues that he is entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  As Defendants correctly state, qualified immunity can only be overcome if (1) the alleged conduct, if true, violates a constitutional right and (2) the constitutional standard was clearly established at the time of the violation.  *See Lanigan v.  Village of E.  Hazel Crest, Ill.*, 110 F.3d 467, 472 (7th Cir.  1997).  It is well-established that the use of excessive force in arresting a suspect clearly violates a constitutional right.  For example, *Graham v.  O'Connor*, discussed *supra*, is a 1989 case.  Officer Epps then goes on to discuss the split-second decisions that officers frequently must make.  But he confuses the legal question of immunity with the factual question of reasonableness as discussed in *Graham*. If Officer Epps did indeed engage in the alleged conduct he will not be relieved of responsibility under the qualified immunity doctrine.

Finally, Defendant Village of Caseyville asserts that Plaintiff has failed to state a claim against it.  Although such a motion should properly be brought under **Fed.  R.  Civ.  P.  12(b)(6)** and not a motion for summary judgment, the Court will examine it.  A municipality is only liable under § 1983 if one of its official policies or a longstanding custom or practice evinces a deliberate indifference to the rights of citizens.  *See Monell v.  Dep't of Soc.  Servs.*, 436 U.S. 659, 690-91 (1978); *Pembaur v.  City of Cincinnati*, 475 U.S. 469, 483-84 (1986).  Municipalities cannot be held liable solely on the theory of respondeat superior.  *See Monell*, 436 U.S. at 694.  There is no evidence showing that, even if the force used against Plaintiff was excessive, that this resulted from any official policy or longstanding custom of the Defendant Village.  Thus it is immune and dismissal is appropriate.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendant

Epps' motion for summary judgment (Doc. 23) and **GRANTS** Defendant Village of Caseyville's motion to dismiss (Doc. 23).  Count II is hereby **DISMISSED with prejudice** and the Village of Caseyville is hereby **TERMINATED** as a Defendant.  Within Count I, claims against Officer Epps involving unreasonable seizure or cruel and unusual punishment are hereby **DISMISSED with prejudice**.

The excessive force claim of Count I against Defendant Epps and all claims against Defendants Flinn and the Village of Cahokia (Counts III and IV) remain.

**IT IS SO ORDERED.**

**DATED this 13th day of June, 2006.**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**